UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW EVANS and
RYAN GEHEB,

    Plaintiffs,

v.

MARK GORDON, BRADLEY
BELDO, CHRISTOPHER HARMON
EMILY McGRATH, TERRY ROSS,
NICOLE THOMPSON, MICHAEL
WADSWORTH, JESSIE HURSE,
and JOHN DOES,

    Defendants.
_____/

Case No.  2:24-cv-10289
District Judge George Caram Steeh
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY (ECF No. 28)

    I.    Introduction

This is a civil rights case.  In broad terms, plaintiffs Andrew Evans and Ryan Geheb are former student-athletes at Oakland University who allege that defendants subjected them to false arrest and procedural due process violations arising out of an incident involving the plaintiffs pointing a "Nerf gun" at a number of students on campus.  (ECF Nos. 1, 19).  Defendants filed a motion to dismiss, (ECF No. 24), followed by a motion to stay discovery while the motion to dismiss is pending, (ECF No. 28).  All *nondispositive* matters have been referred to the

1

undersigned. (ECF No. 29). Therefore, defendants' motion to stay, (ECF No. 28), as a non-dispositive matter, is before the undersigned.

For the reasons that follow, the motion will be GRANTED.

## II.   Legal Standard

Federal Rule of Civil Procedure 26(c) authorizes a stay of discovery based on good cause. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-255 (1936)). Further, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.' " *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

## III.   Discussion

On April 30, 2024, all defendants filed a motion to dismiss. (ECF No. 24). The motion raises the defenses of qualified immunity and failure to state a claim. (*Id.*). If granted in full, the case would be dismissed, making discovery unnecessary.

Defendants argue that this means a stay of discovery until the motion is

resolved is appropriate. The Supreme Court has said that until the threshold qualified immunity question is resolved, discovery should not be allowed. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). If defendants file a motion to dismiss based on qualified immunity, the court must "stay discovery until that issue is decided." *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986). If defendants are denied qualified immunity on the motion to dismiss, then "plaintiff ordinarily will be entitled to some discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

In slight contrast to the above case, in *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020), the Sixth Circuit upheld the district court's crafting of a discovery plan that allowed discovery to proceed on issues that were not subject to defendants' qualified immunity. Likewise, in *Lewis v. Charter Twp. of Flint*, No. 15-11430, 2015 WL 6125272, at *2 (E.D. Mich. Oct. 19, 2015), the district court allowed discovery to proceed in the face of a qualified immunity defense because "the record [was] in need of more factual development before a determination on whether [the defendant was] entitled qualified immunity [could] be made."

This case, however, is not like *In re Flint* or *Lewis*. Here, defendants' qualified immunity defense encompasses all of plaintiffs' claims, and discovery is not needed to answer the legal questions raised by the parties.

Plaintiffs argue that they have only served defendants with twelve "narrow

3

discovery requests, which in no way are unduly burdensome." (ECF No. 33, PageID.428). They cite *Young v. Mesa Underwiters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020) for the proposition that these discovery requests represent "the same burden that nearly every defendant in this Court faces in civil litigation." However, *Young* explicitly stated that "*[a]bsent a request to dismiss on the grounds of immunity* or lack of jurisdiction, it is the rare case where the Court will stay discovery based on a pending dispositive motion. *Id.* at *2 (emphasis added). Plaintiffs have failed to highlight authority that requires the Court to weigh the burden or hardship of the discovery in considering a stay in the face of defendants' qualified immunity defense.

Therefore, in light of defendants' pending motion, which raises qualified immunity, there is no need for discovery to continue at this time. If any claims remain after the motion is resolved, the parties will be able to engage in discovery under a scheduling order to be entered by the district judge.

IV.   Conclusion

For the reasons stated above, defendants' motion to stay discovery pending a decision on their qualified immunity defense, (ECF No. 28), is GRANTED. DISCOVERY IS STAYED FOR ALL PARTIES until resolution of the pending motion.

SO ORDERED.

Dated: June 3, 2024                               s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                         United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2024.

                                                         sJulie Owens
                                                         Acting in the absence of
                                                         CAROLYN M. CIESLA
                                                         Case Manager