UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW EVANS, *et al*.,

      Plaintiffs,

v.

MARK GORDON, *et al.,*

      Defendants.

_____/

Case No. 2:24-cv-10289
Hon. Brandy R. McMillion

### OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY (ECF NO. 59)

Before the Court is Plaintiffs' Motion to Compel Discovery seeking disclosure of the full Zoom Code of Conduct Hearing held on April 15, 2022. ECF No. 59. The Motion has been fully briefed. *See* ECF Nos. 60, 61. The Court held a hearing on April 27, 2026. Having reviewed the briefs and the arguments presented at the hearing, the Court finds production of the full Code of Conduct Hearing warranted and Plaintiff's Motion to Compel is **GRANTED**.

\* \* \*

Plaintiffs are two Oakland University students who were arrested by campus police for an alleged armed robbery in March 2022. ECF No. 59, PageID.599. On the night of March 30, 2022, Plaintiffs, along with another student, were riding in a vehicle when the other student held a nerf gun out of the window and jokingly told

1

students to give up their money.  Two students, including C. Fassett, reported the incidents to campus police but both had no interest in pressing charges because they knew it to be a joke.  Despite this, Plaintiffs were later arrested and taken into custody for armed robbery.  They spent a night in jail and the charges were dropped the following morning.  However the students were cited for disturbing the peace. *Id.* at PageID.600-601.

Subsequent to these events, the University held a Code of Conduct Hearing on April 15, 2022.  ECF No. 59, PageID.601-602.  A week prior to the hearing, Fassett submitted a revised statement that changed her story from describing the incident as a joke to one that was extremely traumatic.  The April 15 hearing was done on Zoom and as part of the hearing, Fassett testified as the sole witness.  Plaintiffs are unable to recall the details of her testimony and have requested a full copy of the Code of Conduct Hearing in discovery.  *Id.* at PageID.602.

Defendants object to production of the video for several reasons.  First, they argue Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), prevents its release.  Second, they argue the video is not relevant to the remaining claims in the case.  Third, they argue production of the video is disproportional to the needs of discovery.  The Court disagrees on all fronts.

First, FERPA was enacted to protect the privacy of student education records. *See generally* 20 U.S.C. § 1232.  Here, the Code of Conduct Hearing is a disciplinary

record, that would qualify as an education record of Plaintiffs.  *See Doe v. The Ohio State Univ.*, 136 F. Supp. 3d 854, 870 (S.D. Ohio 2016).  The Plaintiffs are therefore entitled to its disclosure.  To the extent Defendants argue that they need to protect the privacy of Fassett, the Court is not persuaded.  Her prior statements have been produced, and the education record does not belong to her simply because she was a witness at the hearing.

Second, while under Fed. R. Civ. P. 26(b)(1), requested discovery must be relevant to a claim or defense, it also includes information that tends to prove or disprove a fact of consequence, even if it is not admissible at trial if it is reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  Here, the Court finds the statements of an eyewitness to the events leading to arrest are most certainly relevant to the claims at issue in this litigation.  Defendants argue that Fassett's statement during the Code of Conduct Hearing are not relevant because they would not have been made at the time of arrest when the officers were determining probable cause.  They assert because the sole remaining claims address the probable cause at the time of arrest and nothing subsequent, the Court should limit production of Fassett's post-arrest statements.

However, without knowing the content of that statement, the Court cannot say that it is not relevant to a claim at issue – as the statement could lead to the discovery of other admissible evidence.  So, while the statement itself may not directly prove

the probable cause that officers had at the time of arrest or the decision to suspend, it is possible that it could include statements about what was told to officers or what should have been told to officers; what was told to campus officials, if there were additional statements made, etc.  Additionally, the parties have stated that they plan to depose Fassett, and the Court finds that her statement would certainly be relevant to assessing the credibility of the witnesses.  At this stage of the litigation, the Court believes Plaintiffs are entitled to hear the entirety of the hearing, including the statements of Fassett.  The Court is not saying that the statement is necessarily admissible, as that is a decision for another day.  But because discovery is broad, the Court is going to order its production.

Third, Defendants' proportionality argument is unavailing.  Defendants have already produced a redacted version of the video.  To now argue that it would somehow be a greater expense to present the hearing unredacted is disingenuous.  Defendants appear to argue that because the statement is subsequent to the hearing it is somehow more burdensome to produce.  That misconstrues the purpose of the proportionality requirement in discovery.  It would be no more burdensome or costly to produce the document in its entirety; and in fact, it would be less so because it can be produced without manipulation.  The Court therefore finds that production of the full video is not disproportionate to the needs of this case.

\* \* \*

4

5

Accordingly, Plaintiffs' Motion to Compel (ECF No. 59) is **GRANTED**. Defendants shall produce a copy of the full April 15, 2022 Zoom Code of Conduct Hearing (unredacted) on or before **May 12, 2026**.

**IT IS SO ORDERED.**

Dated:  May 5, 2026                          s/Brandy R. McMillion
                                             Hon. Brandy R. McMillion
                                             United States District Judge

5