**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDREW EVANS,
RYAN GEHEB

Plaintiffs

Case No. 24-cv-10289

v.

Hon. Brandy R. McMillion
United States District Judge

SGT. BELDO, PO HARMON, PO MCGRATH, LT. TERRY ROSS, JOHN & JANE DOE OFFICERS, in their individual capacity; jointly and severally, CHIEF OF POLICE MARK B. GORDON, in his individual and official Capacity, OAKLAND UNIVERSITY, MICHAEL WADSWORTH, Dean of Students, in his individual and official capacity,

Defendants

---

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (ECF NO. 69)**

Before the Court is Plaintiff Andrew Evans' ("Evans") Motion for a Protective Order. ECF No 69. Evans seeks an order permitting the remote deposition of witnesses, Jason Evans and Alexandra Opelt, who are also the Plaintiff's parents (together, "the Parents"). Evans also asks the Court to schedule the Parents' deposition after normal working hours, to limit to one hour and to preclude inquiry into a private matter unrelated to the events. Defendants, Mark B Gordon, Bradley

Beldo, Christopher Harmon, Emily McGrath, Terry Ross, Nicole Thompson, and Michael Wadsworth (collectively, "Defendants") oppose the Motion, on the grounds that Plaintiff has not shown good cause. ECF No. 72, PageID.767. For the following reasons, the Court **GRANTS** the Motion as to the remote format and timing of the depositions, **GRANTS** the request to preclude inquiry into the family matter and **DENIES** the request to limit the deposition to one hour.

**I.**

Under Federal Rule 26, a party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. *See* Fed. R. Civ. P. 26(c)(1). To sustain a motion for a protective order, the moving party must show "good cause" for protection from "annoyance, embarrassment, oppression, or undue burden or expense." *See In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016); Fed. R. Civ. P. 26(c)(1). The harms identified must be pleaded with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012). The Court, however, has broad discretion to balance the parties' interests and to ensure that discovery is proportional to the needs of the case. *See In re Ohio Execution Protocol Litigation*, 845 F.3d at 236.

## II.

### A. Remote Depositions After Working Hours

Here, the Parents reside in Ohio, are non-parties to the litigation, and did not witness the events giving rise it. Each attest, with specific facts, to the hardship that traveling to Michigan would impose. Jason Evans, Plaintiff's father, works six to seven days a week and has not taken a day off in about four months. ECF No. 69-4, PageID.739. An in-person testimony would require him to use his scarce vacation days. *See id.* Alexandra Opelt, Plaintiff's mother, recently started a new job—for which she remains on a probationary period—and has not accrued the leave necessary to accommodate an in-person appearance[1]. ECF No. 74-2, PageID.852. Both affirm their willingness to testify remotely. *See id.*; *see also* ECF No. 69-4, PageID.739. These are precisely the kind of particularized facts that *Serrano* requires.

Defendants contend that these showings do not establish good cause and urge the Court to weigh the competing hardships. ECF No 72, PageID.767, 772. They advance three arguments. First, they argue that the parents are material witnesses because of their personal knowledge of the Plaintiff's emotional condition following

[1] Plaintiff moved for leave to file Ms. Opelt's declaration as an omitted exhibit to his Motion for a Protective Order. ECF No. 74. Defendants did not oppose the request. Instead, they filed a brief in support of their response to Plaintiff's motion for leave, which the Court construes as a request for leave to file a supplemental brief to its response to Plaintiff's Protective Order. ECF No. 76. The Court has reviewed both filings and **GRANTS** both requests.

the incident in question, which bears on damages. ECF No. 72, PageID.748. In particular, Defendants emphasize that Plaintiff's mom spent two days with him immediately following the incident and describe her as "the only source of proof of Plaintiff Evans' condition after the arrest." *See* ECF No. 76, PageID.861. Second, Defendants assert that a remote deposition deprives them of the opportunity to observe the witnesses' demeanor. *See* ECF No. 72, PageID.771. Third, they argue that the Parents or their own counsel should be the ones asserting this burden. *Id.* at PageID.769.

There can be no doubt that the Parents possess relevant information and their deposition is warranted. Indeed, Plaintiff concede as much. ECF No. 73, PageID.838. The Court also recognizes that a remote format may somewhat limit Defendants' ability to observe the witnesses. However, as Plaintiff aptly notes, Federal Rule of Procedure 26(b)(1) also requires proportionality, considering, amount other things, "the parties' resources" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The Court cannot agree that Defendants' interest in observing non-party witnesses in person outweighs the concrete financial and employment burdens those witnesses have documented. This is especially the true where the Court is not denying Defendants access to the relevant information but only controlling the medium through which the information is collected. The same burdens support

scheduling the depositions outside the Parents' working hours, which allows them to testify without forfeiting pay or jeopardizing their employment.

Defendant's reliance on *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F. Supp. 3d 611 (E.D. Mich. 2024), is unpersuasive. That case concerned the depositions of parties, and the analysis turned on the parties' choice of forum. *Id.* at 617-619. Even so, the court found good cause for the remote deposition of plaintiffs whose cases had been involuntarily transferred through multidistrict consolidation, reasoning that those plaintiffs' cases were "transferred by no actions of their own," and the expense of traveling to the transferee district "likely was not anticipated at the time of filing." *Id.* at 619. The Parents here have an even stronger claim to relief. Unlike any party, they chose nothing about this forum, and they are being compelled to testify in a dispute to which they are strangers. The Court sees no reason to impose the burden of travel on them.

Defendants' argument that only the Parents may seek this protection also fails. Rule 26(c)(1) authorizes "[a] party or any person from whom discovery is sought" to move for a protective order, and courts in this Circuit have interpreted this language to permit parties to seek protection on the behalf of non-party witnesses. *See Williams v. Eastpointe Cmty. Schs.*, No. 2:23-CV-12155, 2025 WL 1118579, at *1 (E.D. Mich. Apr. 15, 2025).

Accordingly, Plaintiff has shown good cause to require that the Parents' depositions proceed remotely and outside normal working hours.

**B. The Family Matter**

Plaintiff also asks the Court to bar questioning about a private, ongoing family matter that has strained his relationship with the Parents. *See* ECF No. 73, PageID.841-842. Plaintiff contends the matter is irrelevant to the incident at issue. *Id.* at PageID.841. Where non-party parents would be questioned about an ongoing unresolved conflict with their son, that did not exist at the time of the incident in question, the relevance is marginal. The Court therefore finds good cause to forbid inquiry into the substance of a family matter that has potential to unnecessarily embarrass the parties and fuel an ongoing dispute. Nothing in this Order prevents Defendants from questioning the Parents about Plaintiff's emotional state and well-being, including before and after the incident. If Defendants believe in good faith that the family matter bears on Plaintiff's claimed damages, they may seek leave of the Court to pursue that line of questioning.

**C. Duration of Deposition**

Finally, Plaintiff asks that the Court limit each deposition to one hour. Absent a stipulation or court order, a deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). Plaintiff has not shown that a one-hour limit is necessary and given the Parents' acknowledged importance to the damages question, such a limit

could unduly restrict Defendants' legitimate inquiry. The request is therefore denied. Defense counsel is nonetheless reminded that these are non-party witnesses testifying outside working hours, and counsel should conduct the examination efficiently and no longer than necessary.

## III.

For the reasons stated, Plaintiff's Motion for a Protective Order (ECF No. 69) is **GRANTED IN PART** and **DENIED IN PART**. **IT IS SO ORDERED** that:

1. The depositions of Jason Evans and Alexandra Opelt shall be taken by remote video conference under Fed. R. Civ. P. 30(b)(4), at a mutually agreeable time outside witnesses' normal working hours.
2. Defendants shall not inquire into the substance of the private family matter described in Plaintiff's briefing without prior leave of the Court. Defendants may question the witness about Plaintiff's emotional state and well-being.
3. Plaintiff's request to limit each deposition to one hour is **DENIED**.
4. Any exhibits to be used at the deposition shall be exchanged electronically in a manner and timeframe agreed upon by the parties.

**IT IS SO ORDERED.**

Dated: October 23, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge